[Civ. No. 49166. Second Dist., Div. Five. Nov. 19, 1976.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent;
RICHARD JOSEPH KARPEL et al., Real Parties in Interest.

COUNSEL

John K. Van de Kamp, District Attorney, Donald J. Kaplan, Arnold T. Guminski, Marguerite McKinney and Dirk L. Hudson, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Paul Caruso, Peter Brown, James Alle and Jack Deitsch for Real Parties in Interest.

OPINION

**STEPHENS, J.**—This is a proceeding in mandamus to compel respondent court to vacate its order granting real parties in interest's motion to suppress evidence. (Pen. Code, § 1538.5.) The evidence adduced at the hearing on the motion to suppress was as follows:

In April 1975, officers of the Los Angeles Police Department were told by an unidentified informant that real parties in interest Martinez and Karpel were trafficking in cocaine and amphetamines. The informant advised that Martinez lived in an apartment on Coldwater Canyon Boulevard, Karpel in a house on Bakman. Intermittent surveillance maintained at the two locations established that Martinez was a frequent visitor at Karpel's house and on occasion the two men drove each other's cars. On July 29, 1975, Martinez sold a quantity of cocaine to an undercover officer.[1] No arrest was made at that time.

On August 7, 1975, Martinez, while under surveillance, drove to Karpel's house and went inside. A short time later Martinez and Karpel came out and walked to Martinez' car. Martinez was carrying a brown paper sack which he had not had when he arrived. He put the sack in the car, got in and drove off. Karpel went back inside his house. After Martinez had driven about a block and a half, he stopped his car, got out, transferred the brown sack from the car to the trunk, got back into his car and drove on. He was stopped and arrested almost immediately thereafter. Officers removed the brown bag from the trunk of the car and

---

[1] There was evidence disputing Martinez' identity as the seller; however, respondent indicated it believed the officer's testimony on this issue.

found that it contained cocaine. A decision was then made to arrest Karpel and officers proceeded to his house for that purpose. Entry was forced in a manner which complied with section 844 of the Penal Code. The officers seized a vial of cocaine which was in plain sight on a table. Karpel was arrested, as was real party Konstanzer who was also present in the residence. Respondent suppressed both the contraband found in the trunk of Martinez' car and that found in Karpel's residence.

The crucial question in the present proceeding, as all parties recognize, is whether the officers had probable cause to search Martinez' trunk. The People conceded below that absent the seizure of the cocaine from the trunk, the officers would not have had probable cause to arrest Karpel; while in oral argument before this court, counsel for Karpel conceded that if the police properly seized that contraband it provided them with probable cause to arrest his client.

█ It has long been established that an automobile, because of its mobility, may be searched without a warrant if it is stopped on a highway and if there is probable cause to believe that it contains contraband. (*Carroll* v. *United States,* 267 U.S. 132 [69 L.Ed. 543, 45 S.Ct. 280, 39 A.L.R. 790]; *People* v. *Dumas,* 9 Cal.3d 871 [109 Cal.Rptr. 304, 512 P.2d 1208]; *People* v. *Laursen,* 8 Cal.3d 192 [104 Cal.Rptr. 425, 501 P.2d 1145].) █ The trunk of an automobile has, however, been recognized as the area of the vehicle as to which there is the greatest expectation of privacy. Independent justification is therefore required before the trunk may be searched. (*Wimberly* v. *Superior Court,* 16 Cal.3d 557, 566-567 [128 Cal.Rptr. 641, 547 P.2d 417].)

█ In the instant case the officers obviously had reason to believe that the item which they sought was located in the trunk; they saw Martinez put it there. The only real question is whether there was an adequate basis for the officers to believe that the bag contained contraband. There was nothing to distinguish the bag from any other ordinary grocery bag except Martinez' conduct with respect to it. Martinez was a known seller of cocaine. Karpel was his suspected associate in that occupation. Martinez did not have the brown paper sack when he entered Karpel's residence. He stopped his car for the sole apparent purpose of transferring the bag to the trunk. Although such behavior might have appeared wholly innocent to a layman, given the officers' prior experience in narcotics matters and what they knew about Martinez and his association with Karpel, it was not unreasonable for

them to attach guilty significance to the act of transferring the bag from the car to the trunk. (*People* v. *Gale*, 9 Cal.3d 788, 795-796 [108 Cal.Rptr. 852, 511 P.2d 1204].) Martinez was properly subject to arrest for the July 29, 1975, narcotics transaction. The search of the trunk was proper as the officers had probable cause to believe that the sack therein contained contraband.

Let a peremptory writ of mandate issue directing respondent court to vacate and annul that portion of its order of June 24, 1976, granting the motion of real parties in interest to suppress evidence in the case entitled People of the State of California v. Richard Joseph Karpel, William Joseph Konstanzer and Robert Ray Martinez, Los Angeles Superior Court No. A 133463.

Kaus, P. J., and Ashby, J., concurred.