[No. AO18090. First Dist., Div. One. Oct. 19, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
PAUL BLAZE LOW, Defendant and Appellant.

COUNSEL

Philip H. Pennypacker and Leland Nerio for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Gloria F. DeHart and Thomas A. Brady, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ELKINGTON, J.**—Defendant Paul Blaze Low appeals from a judgment based upon a jury's verdict finding him guilty of possession of methamphe-

tamine (Health & Saf. Code, § 11377), and a concealable firearm by one previously convicted of a felony (Pen. Code, § 12021). He had admitted five prior felony convictions within the meaning of Penal Code section 667.5.

We find no merit in the appeal and, for reasons as follow, affirm the judgment.

It is first contended that: "The evidence, upon which appellant's conviction depended, was clearly the product of an unconstitutional search and seizure and should have been suppressed."

We state the relevant evidence.

Police officers observed, one and a half blocks away, a green Chevrolet, of which defendant Low was the driver, stop at the telephone booth of a parking lot. A person leaned inside the car window; the driver's arm moved toward the other person but nothing was seen to be exchanged by them. The vehicle then drove off. Suspicious, the police officers followed. The Chevrolet was soon observed to be traveling about 20 miles per hour in excess of the speed limit. And "the vehicle kept going over the provided lane boundary markings, the solid double yellow line in the middle of the street, go over the markings and then come back within the guidelines of the markings, and then it would again traverse the double yellow line." The police car's red light was activated and the Chevrolet was stopped. One of the officers testified: "We were stopping the vehicle because it was our opinion at that point that the driver of the vehicle was not able to successfully operate the motor vehicle due to the speed and the erratic driving."

When the Chevrolet stopped, Low, its driver, stepped out of it. The officer, a trained narcotics investigator, testified that he "staggered" and that: "I noticed that his speech was impaired, it was thick and slurred. I also noticed that his pupils were extremely pinpointed and that, coupled with the outward manifestations, the staggering as he got out of the vehicle and walked towards our location, at that point I checked his pupils for any reaction to sun light. . . . There was no reaction whatsoever." Asked for his driver's license, Low could not produce one. And on his "left arm just at the bend and located over a vein, were puncture wounds that were raised and irritated and had blood at their tips," an indication of opiate, or heroin, usage.

There was thus probable cause for Low's arrest, and to believe the Chevrolet contained contraband.

An officer then searched the passenger space of the Chevrolet. Under the driver's seat a loaded .38 caliber revolver was found, and alongside the seat were "five individually wrapped baggies which contained a white powdery substance" believed, and later established, to be methamphetamine.

The revolver and the methamphetamine were seized and were the subjects of Low's motion to suppress.

Although Low did make an unsuccessful Penal Code section 1538.5 motion to suppress at his preliminary hearing, *he made none in the superior court.* The here charged error, if such it was, was that of the preliminary hearing's magistrate, not that of the superior court.

■ Applicable here is the case of *People* v. *Lilienthal* (1978) 22 Cal.3d 891, 896 [150 Cal.Rptr. 910, 587 P.2d 706], holding that such a matter must "be raised in the superior court to preserve the point for review on appeal, for it would be wholly inappropriate to reverse a superior court's judgment for error it did not commit and that was never called to its attention."

■ Moreover, it is settled law that an automobile may be searched without a warrant if there is probable cause to believe it contains contraband. (*Wimberly* v. *Superior Court* (1976) 16 Cal.3d 557, 563-572 [128 Cal.Rptr. 641, 547 P.2d 417]; *People* v. *Superior Court (Karpel)* (1976) 63 Cal.App.3d 990, 993 [134 Cal.Rptr. 174]; and see authority there collected.)

Low's remaining contention is that: "The convictions lacked substantial evidence because Paul Low did not manifest the requisite knowledge to commit the alleged offenses; thus, the convictions must be reversed."

The attending argument is that there was no evidence that he had knowledge of the presence of the seized revolver and contraband. ■ We opine that the jury reasonably inferred that the car's driver, Low, under the influence of narcotics or dangerous drugs, had knowledge of the presence of the handgun under, and the contraband alongside, the driver's seat. Such was substantial evidence. (See *People* v. *Johnson* (1980) 26 Cal.3d 557, 576-577 [162 Cal.Rptr. 431, 606 P.2d 738]; *Grainger* v. *Antoyan* (1957) 48 Cal.2d 805, 807 [313 P.2d 848].)

The judgment is affirmed.

Racanelli, P. J., and Holmdahl, J., concurred.