[S.F. No. 23136. In Bank. Nov. 25, 1974.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY;
CLARENCE STEVENS et al., Real Parties in Interest.

## COUNSEL

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins, William D. Stein and Linda Ludlow, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Francis J. Stillman, Dick W. Bennett, Bennett, Hughes, Kane, Stillman & Niven, Richard W. Halpern, Philip Barnett, Robert J. Lanzone and Aaronson, Dickerson, Lanzone & Schindler for Real Parties in Interest.

Charles C. Marson, Joseph Remcho, Deborah Hinkel, Peter E. Sheehan and Toby Sherwood as Amici Curiae on behalf of Real Parties in Interest.

**OPINION**

**WRIGHT, C. J.**—The People seek mandamus to compel the respondent court to set aside an order granting a motion to suppress evidence which was found in the search of an apartment claimed to have been occupied by the real parties in interest. (Pen. Code, § 1538.5, subd. (o).)

The real parties in interest (Clarence Stevens, Teresa Bustillos, and Pamela Thames) first moved to suppress evidence at the preliminary hearing. The magistrate denied the motion and held the real parties in interest to answer on charges of violating Health and Safety Code sections 11350 (possession of certain controlled substances) and 11366 (maintaining a place for the purpose of unlawfully selling, giving away, or using certain controlled substances). The motion was granted, however, when renewed in the respondent trial court and submitted on the preliminary hearing transcript. We issued an alternative writ and, pending final determination of the matter, stayed all proceedings in the trial court. **(1)** We now conclude that the search was unlawful and deny the peremptory writ.

At the time of the search Stevens was on an outpatient status from the California Rehabilitation Center. The People seek to justify the search of the apartment on the basis of permission claimed to have been granted in an "upon request" provision contained in Stevens' conditional release as an outpatient.[1] In *People v. Mason* (1971) 5 Cal.3d 759 [97 Cal.Rptr. 302, 488 P.2d 630], we upheld the validity of a condition of probation requiring the probationer to " 'submit his person, place of residence, vehicle, to search and seizure at any time of the day or night, with or without a search warrant, whenever requested to do so by the Probation Officer or any law enforcement officer.' " (*Id.*, at p. 762.) We noted in *Mason*, however, "that the words 'whenever requested' were added to require the officers to notify defendant before conducting a search of his house or car. Thus, a search made without defendant's knowledge would [be] invalid." (*Id.*, at p. 763.)

Stevens was released to outpatient status in July 1973. During the latter part of October 1973, Parole Officer Hann twice visited Stevens at a Redwood City apartment. On both occasions body fluid tests proved negative

---

[1]Stevens' release was granted by the Narcotic Addict Evaluation Authority and accepted by him subject to enumerated conditions, one of which was, "You shall submit to a search of your person, your residence and any property under your control upon request by your agent, any agent of the Department of Corrections or law enforcement officer."

and no contraband was observed.[2] On November 7, 1973, a police detective contacted Hann and told him police surveillance indicated that "sales of narcotics were being conducted out of [Stevens'] apartment," and that another detective had observed Bustillos come out of that apartment and sell heroin to an informant.

Hann and two police officers went to the vicinity of the apartment in the afternoon of November 7. Hann observed Bustillos descend the apartment stairs and walk towards a man who had a $20 bill in his hand. Hann approached the apartment and knocked and, while he was standing outside the apartment door, Bustillos returned holding a $20 bill. She asked Hann what he wanted and Hann replied that he was Stevens' parole agent and believed that some illegal activities had taken place out of the apartment and that he "intended to search, which was within [his] right." Bustillos said she did not want Hann and the detectives to enter and denied that Stevens lived in the apartment. Hann replied that he had twice visited Stevens at the apartment and that Stevens had listed the address of the apartment as his home address. Bustillos thereupon opened the door and Hann and the police officers followed her in and searched the premises. The officers had no arrest or search warrants and Hann testified that he entered the apartment because of the search condition of Stevens' release to outpatient status.

The search produced three balloons containing heroin, syringes, a marijuana cigarette, marijuana smoking paraphernalia, and papers indicating that Thames also lived in the apartment. Bustillos was arrested. Sometime later that same day Stevens and Thames returned to the apartment and were confronted by one of the officers who requested that Thames remove her coat. A search of the coat revealed a balloon containing heroin. Stevens and Thames were then arrested.

Although the People purport to rely on Stevens' release condition, it requires a submission to search only "upon request" which, according to *Mason*, means that notice is a prerequisite to the validity of the search. We conclude that lack of notice invalidated the entry and search of the apartment in the instant case. The subsequent search of Thames' coat, which was tainted by the illegal entry and search of the apartment, is also invalid.[3] (*People* v. *Lawler* (1973) 9 Cal.3d 156 [107 Cal.Rptr. 13, 507

---

[2]Surprise narcotics testing is authorized by Welfare and Institutions Code section 3152.

[3]In suppressing the evidence, the superior court noted that Stevens' absence from the premises invalidated the search. *Mason* does not require the physical presence of the probationer or other person who is entitled to notice before the search can occur,

P.2d 621]; *People* v. *Haven* (1963) 59 Cal.2d 713 [31 Cal.Rptr. 47, 381 P.2d 927].)

The alternative writ of mandate is discharged and the peremptory writ is denied.

Tobriner, J., Mosk, J., and Sullivan, J., concurred.

**BURKE, J.**[*]—The majority interprets the words "upon request" in the consent-to-search condition of Stevens' release to outpatient status[1] to mean that advance notice of the search must be given *to the outpatient*, and the majority concludes that the instant search was unlawful because such notice was not given to Stevens. I cannot agree with the majority's interpretation of the quoted words.

The condition was imposed by the Narcotics Addict Evaluation Authority to further the rehabilitation of a person committed to the narcotic addict commitment program. (See *People* v. *Byrd*, 38 Cal.App.3d 941, 945 [113 Cal.Rptr. 777].) The manifest purposes of the condition are to deter offenses by him after his release as an outpatient and to ascertain whether he is complying with the terms of his release. (Cf. *People* v. *Mason*, 5 Cal.3d 759, 763 [97 Cal.Rptr. 302, 488 P.2d 630].) " 'With knowledge he may be subject to a search [by the designated parties] at any time, he will be less inclined to have narcotics . . . in his possession. The purpose of an unexpected, unprovoked search of defendant [or his residence] is to ascertain whether he is complying with the terms of probation [or release]; to determine not only whether he disobeys the law, but also whether he obeys the law. Information obtained under such circumstances would afford a valuable measure of the effectiveness of the supervision given the defendant and his amenability to rehabilitation.' " (*Id.*, at pp. 763-764, quoting from *People* v. *Kern*, 264 Cal.App.2d 962, 975 [71 Cal.Rptr. 105].)

---

so long as such notice is given. (See *People* v. *Byrd* (1974) 38 Cal.App.3d 941, 949 [113 Cal.Rptr. 777].) The notice, moreover, need not be formally given and might even be implied in circumstances which warrant a conclusion that a parolee, probationer, outpatient or other such person had knowledge that a request was to be made. Such circumstances might be any action taken to avoid having to respond to a request or "fleeing" from notice.

[*]Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

[1]The condition reads, "You shall submit to a search of your person, your residence, and any property under your control upon request by your agent, any agent of the Department of Corrections or law enforcement officer."

The majority's interpretation of the words "upon request" tends to defeat the aforesaid purposes of the condition. Under the majority's interpretation an outpatient with narcotics in his residence can prevent a lawful search by the simple device of sending a third party to the door in response to a knock with instructions that if the caller is the outpatient's parole agent or other party designated in the condition to report the outpatient is not at home. The parole agent surely cannot be required to make an advance appointment with the outpatient in order to conduct a search for such a requirement would totally defeat the purposes of the condition.

The majority gives no reason for its interpretation of the words "upon request"[2] and instead merely points to language in *People* v. *Mason, supra,* 5 Cal.3d 759, 762. *Mason,* however, is not controlling because the language therein pointed to is only dictum. Furthermore, *Mason* is not a case where notice was given to a third party at a residence before a search thereof, and such a situation is not there discussed.

In my opinion the phrase "upon request by your agent, any agent of the Department of Corrections or law enforcement officer" in the condition (see fn. 1, *ante*) simply designates the parties who may make a search and requires their giving of notice before a search. It is thus clear from the terms of the condition that they are not authorized, for example, to enter a residence and search in the absence of advance notice. The required notice, however, may be given to a third party at the outpatient's residence before a search thereof.

Here before the search Parole Agent Hann gave notice to Miss Bustillos, who subsequently admitted him and his companions to the apartment. In my opinion Hann thus complied with the request requirement in the condition.

The superior court erroneously concluded that Stevens' absence at the time of the search rendered the search unlawful. The condition, by its terms does not make his presence a prerequisite to a search of his residence, as the majority appears to recognize.[3] In view of its erroneous

---

[2]The word "request" in the condition does not imply a right by the outpatient to withhold his consent to a warrantless search. (*People* v. *Mason, supra,* 5 Cal.3d 759, 763.) Thus notice to the outpatient is not warranted in order to give him an option to refuse consent.

[3]The majority states (at fn. 3), *People* v. *Mason, supra,* 5 Cal.3d 759 "does not require the physical presence of the . . . person who is entitled to notice before the search can occur, so long as such notice is given. (See *People* v. *Byrd* (1974) [*supra*], 38 Cal.App.3d 941, 949.)" *Byrd* stated that the phrase " 'you will submit to a search of your . . . property' simply means that you consent to have your property searched. It does not imply presence of the outpatient when his or her property is searched."

conclusion the superior court failed to reach various issues, including, inter alia, whether each of the items seized was found in a search that did not exceed the scope of Stevens' consent. I would issue a peremptory writ of mandate directing the superior court (1) to set aside its order granting the motion to suppress evidence and (2) to hold further proceedings on that motion.

McComb, J., and Clark, J., concurred.

Petitioner's application for a rehearing was denied December 24, 1974. McComb, J., Clark, J., and Richardson, J., were of the opinion that the application should be granted.