[Civ. No. 45768. Second Dist., Div. Five. June 27, 1975.]

JOHN MILTON MARTS, Petitioner, v.
THE SUPERIOR COURT OF LOS
ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Richard A. Walton for Petitioner.

No appearance for Respondent.

Joseph P. Busch, District Attorney, Harry B. Sondheim and Arnold T. Guminski, Deputy District Attorneys, for Real Party in Interest.

**OPINION**

**STEPHENS, J.**—Petitioner (defendant) Marts seeks a writ of mandate ordering the suppression of certain evidence which he alleges is the result of an illegal search.

Marts was on parole, and condition No. 14 of the parole reads: "Search: You shall submit to a search of your person, your residence, and any property under your control upon request by your agent, any agent of the Department of Corrections, or Law Enforcement officer."

On August 13, 1974, petitioner's parole agent, Byrd, visited Marts' residence, and when Byrd was admitted, he observed a small scale with unidentified powder thereon, a knife, and an open package of sandwich size baggies in the kitchen, where Marts' common law wife (Silva) was cooking. Marts invited Byrd into the backyard, where Byrd was shown a newly planted lawn. On return to the house, Byrd observed that the scale, knife, and baggies had been removed from view. Byrd requested a urine sample from Marts, but was told that Marts was then unable to produce a sample and would go to Byrd's office later in the week to comply. As Byrd left the residence, he was introduced to a newly arrived visitor to the house. Byrd observed him to be probably under the influence of a narcotic. The following day, Byrd requested police surveillance of the Marts' residence, and this was provided. The police observed what they concluded to be two narcotics transactions, and they informed Byrd. The two "buyers" were promptly placed under arrest, and were found to be under the influence of narcotics.

Based on this information, on August 15, 1974, Byrd determined to have Marts placed in custody. Pursuant to that determination, Byrd, another narcotics officer, and other police officers went to the vicinity of the Marts' residence. Byrd there observed Marts enter a pickup truck and drive away. Byrd directed the officers to arrest Marts because Byrd then believed Marts to be in violation of his parole. Byrd observed Marts being taken into custody, searched and handcuffed. Byrd concluded at that time that Marts was under the influence of a narcotic, and observed that he had needle marks on his arm. Byrd told Marts that a search of Marts' residence would then be made, and all participating individuals proceeded to the house.[1] Byrd and others entered without knocking or announcing the purpose of entry, and commenced a search of the premises. Marts, along with Department of Corrections officers, entered the house first.[2] Silva and her infant son were in the house when Byrd entered. In the course of the search, the contraband sought to be suppressed was discovered and seized.

■ The fundamental question presented is whether, by virtue of the waiver-condition of his parole, a parolee has no constitutional rights

---

[1] It is admitted that no consent to the search at that time was given by Marts and that the officers did not possess any search warrant.

[2] There is a contention that Penal Code section 844 was violated. While there is conflicting evidence in the record as to when Byrd entered the house, we adopt that which is supportive of the implied finding of the trial court. Since the initial entry was in the company of Marts, no 844 question is presented. (Cf. *People* v. *Mason,* 5 Cal.3d 759, 763, fn. 1 [97 Cal.Rptr. 302, 488 P.2d 630].)

against a warrantless search. We conclude that once a parolee has been informed of the officer's intent to search, the condition of parole has been complied with and the subsequent search without a warrant, incident to or to ascertain a parole violation, is valid.

In *People* v. *Superior Court (Stevens)* 12 Cal.3d 858, 861 [117 Cal.Rptr. 433, 528 P.2d 41], the court held that notice of a residential search to a California Rehabilitation Center outpatient was "a prerequisite to the validity of the search." And in *People* v. *Mason,* 5 Cal.3d 759, 763 [97 Cal.Rptr. 302, 488 P.2d 630], the court stated: "A 'condition [of probation]' implies a qualification or restriction; accordingly, a condition to a grant of probation contemplates some limitation upon the probationer's rights. [Citations.] If defendant had the right to withhold his consent to a warrantless search, the protection thereby afforded him would have been as broad as that afforded all other persons under the Fourth Amendment. We conclude that the probation condition, by use of the words 'with or without a search warrant,' was intended to restrict defendant's right to refuse a warrantless search, and that the words 'whenever requested' were added to require the officers to notify defendant before conducting a search of his house or car. Thus, a search made without defendant's knowledge would have been invalid."

In the instant case, Marts was notified of the impending search. The question then is whether the search was within the bounds of the purpose of the waiver. *In re Bushman,* 1 Cal.3d 767, 776-777 [83 Cal.Rptr. 375, 463 P.2d 727] states:

"When granting probation, courts have broad discretion to impose restrictive conditions to foster rehabilitation and to protect public safety. Penal Code section 1203.1 authorizes the court to impose any 'reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, . . . and specifically for the reformation and rehabilitation of the probationer.' If the defendant considers the conditions of probation more harsh than the sentence the court would otherwise impose, he has the right to refuse probation and undergo the sentence. (*In re Osslo* (1958) 51 Cal.2d 371, 377 [334 P.2d 1]; *People* v. *Frank* (1949) 94 Cal.App.2d 740, 741-742 [211 P.2d 350].) In such case he may challenge the legality of any proposed conditions of probation on an appeal from the judgment or on habeas corpus. (*In re Osslo, supra,* at p. 382; *In re Allen* (1969) 71 Cal.2d 388, 389 [78 Cal.Rptr. 207, 455 P.2d 143].) If it is determined that a proposed condition of probation is invalid, the judgment should be vacated and the defendant given an

opportunity to accept probation on lawful conditions. If, on the other hand, the defendant accepts probation, he may seek relief from the restraint of any alleged invalid condition of probation on appeal from the order granting probation or on habeas corpus. (*In re Allen, supra,* at p. 389; *In re Osslo, supra,* at pp. 381-382.) Although habeas corpus cannot serve as a substitute for appeal to review a determination of fact made on conflicting evidence (*In re Dixon* (1953) 41 Cal.2d 756, 760 [264 P.2d 513]; *In re Lindley* (1947) 29 Cal.2d 709, 722 [177 P.2d 918]), it may be used to review the validity of a sentence or order of probation that can be corrected without the redetermination of any questions of fact. (*In re McInturff* (1951) 37 Cal.2d 876, 880-881 [236 P.2d 574]; *Neal v. State of California* (1960) 55 Cal.2d 11, 16-17 [9 Cal.Rptr. 607, 357 P.2d 839].)

"A condition of probation imposed pursuant to Penal Code section 1203.1 is invalid if it (1) has no relationship to the crime of which the defendant is convicted; (2) relates to conduct that is not itself criminal, or (3) requires or forbids conduct that is not reasonably related to future criminality. (*People* v. *Dominguez* (1967) 256 Cal.App.2d 623, 627 [64 Cal.Rptr. 290].)"

Again quoting from *People* v. *Mason, supra* (at p. 764): "It seems beyond dispute that a condition of probation which requires a prior narcotics offender to submit to a search meets the test set forth in *Bushman,* since that condition is reasonably related to the probationer's prior criminal conduct and is aimed at *deterring or discovering subsequent criminal offenses*" (fn. omitted), and (at p. 766): ". . . when defendant in order to obtain probation specifically agreed to permit at any time a warrantless search of his person, car and house, he voluntarily waived whatever claim of privacy he might otherwise have had." (Italics added.)

Since Marts was told of the intended search, and since the waiver condition of parole was reasonably related to his prior conviction, the search was valid unless, by his arrest outside the house, the condition of parole terminated. We conclude that, unlike the case of *People* v. *Coffman,* 2 Cal.App.3d 681, 689 [82 Cal.Rptr. 782], where the arrested-defendant's house was searched *not* in furtherance of "parole administration" but "[t]he search was primarily aimed at ordinary law enforcement," here the search was practically coterminous with the arrest and was directly related to "deterring or discovering subsequent criminal offenses," and was instigated directly by the parole officer.[3] This

---

[3]In *Coffman,* it was held that subterfuge by police in obtaining services of defendant's parole agent in order to circumvent obtaining a search warrant invalidated the search.

conclusion dictates the holding that whether the search without a warrant precedes or promptly follows the arrest, if the search is within the bounds of establishing evidence of the *parole violation* and the parolee has been informed of the intent to search, it is a constitutionally valid search.

Marts also contends that the sphere and extent of the search exceeded reasonable bounds. There is no merit to this contention. In each location searched, Marts had "control" thereof. The manner of the search was not one of reckless abandon, but with articulated reason, and produced the expected result. Under the waiver-condition, a search is not limited to areas justified only by the rule of "probable cause to believe" that contraband may be found there.

The stay order heretofore issued on February 27, 1975 is terminated. The alternative writ issued on May 15, 1975 is discharged. The writ of mandate is denied.

Kaus, P. J., and Loring, J.,* concurred.

*Appointed by the Chairman of the Judicial Council.