[Crim. No. 20516. Dec. 19, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM M. LILIENTHAL, Defendant and Appellant.

894

---

**COUNSEL**

Marcus S. Topel and Paul D. Wolf for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci and Donna Petre, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

MANUEL, J.—On this appeal from a judgment of conviction entered on his plea of guilty, defendant William Lilienthal seeks review of the validity of the seizure of evidence from his person and automobile. A preliminary question that must be decided is whether defendant is entitled to appellate review of the issue. Although we conclude that the appeal lies under Penal Code section 1538.5, subdivision (m),[1] we further conclude that the evidence was validly seized. Accordingly, we affirm the judgment.

Defendant was charged by complaint with unlawful possession of cocaine for sale (Health & Saf. Code, § 11351), unlawful possession of hashish (Health & Saf. Code, § 11357, subd. (a)), unlawful possession of amphetamines (Health & Saf. Code, § 11377), and driving at an unsafe speed (Veh. Code, § 22350). Pursuant to section 1538.5, subdivision (f), he moved at the preliminary hearing to suppress evidence seized from his person and automobile.[2] The motion was denied, and he was held to answer on all charges. In the superior court, defendant moved to dismiss the information pursuant to section 995 on the ground that the only substantial evidence supporting the commitment was obtained in violation of the Fourth Amendment. The motion was denied. Defendant then withdrew his original pleas and pleaded guilty to the count charging possession of cocaine for sale. On the People's motion, the other three counts were dismissed. Defendant was sentenced to state prison for the term prescribed by law. Execution of sentence was suspended, and defendant was placed on probation for three years on conditions including confinement in the county jail for three months.

Defendant appeals from the judgment pursuant to section 1538.5, subdivision (m), raising only the search and seizure issue.[3] ■ The People dispute defendant's right to appeal, arguing that he is not entitled to appellate review under section 1538.5, subdivision (m) because he pleaded guilty without renewing his motion to suppress in the superior court. As will be explained, we conclude that the appeal lies.

---

[1] Unless otherwise specified, all statutory references hereafter are to sections of the Penal Code.

[2] Subdivision (f) of section 1538.5 provides: "If the property or evidence relates to a felony offense initiated by a complaint, the motion [to suppress] may be made in the municipal court or justice court at the preliminary hearing."

[3] This appeal follows our order directing the clerk of the superior court to file defendant's notice of appeal after defendant sought relief from his unsuccessful attempt

Subdivision (m) of section 1538.5 provides: "The proceedings provided for in this section, Section 995, Section 1238, and Section 1466 shall constitute the sole and exclusive remedies prior to conviction to test the unreasonableness of a search or seizure where the person making the motion for the return of property or suppression of evidence is a defendant in a criminal case and the property or thing has been offered or will be offered as evidence against him. A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty. Such review on appeal may be obtained by the defendant providing that at some stage of the proceedings prior to conviction he has moved for the return of property or the suppression of the evidence."

Under subdivision (m), it is sufficient that a motion to suppress be made "at some stage of the proceedings." Defendant did so at the preliminary hearing. The People, however, assert that this statute should not be interpreted to allow a defendant to bypass the superior court. We agree that it should be interpreted to require that the matter be raised in the superior court to preserve the point for review on appeal, for it would be wholly inappropriate to reverse a superior court's judgment for error it did not commit and that was never called to its attention.[4] We do not agree, however, that the matter must be raised in the superior court by a motion to suppress rather than a section 995 motion, for subdivision (m) itself acknowledges the propriety of a section 995 motion to test the validity of a search or seizure.[5] Nor do we agree that defendant's guilty

to perfect his appeal by timely filing a notice of appeal or by obtaining a certificate of probable cause (§ 1237.5). Although there was some question about the appropriate method for perfecting this appeal, we concluded that a certificate of probable cause was not required under rule 31(d) of the California Rules of Court because defendant was appealing pursuant to section 1538.5, subdivision (m), which constitutes an exception to the provisions of section 1237.5 requiring a certificate of probable cause for appeal following a guilty plea. (See *People* v. *Peterson* (1973) 9 Cal.3d 717, 720, fn. 1 [108 Cal.Rptr. 835, 511 P.2d 1187].)

[4]Although there is language in *People* v. *Triggs* (1973) 8 Cal.3d 884, 887-888, footnote 2 [106 Cal.Rptr. 408, 506 P.2d 232], to support an argument that a motion at the preliminary hearing is alone sufficient to preserve the point for appeal under section 1538.5, subdivision (m), that language was unnecessary to the decision there and is disapproved. In *Triggs*, the suppression question was entertained in the superior court at the time the case was submitted on the transcript of the preliminary hearing and at the time of the section 995 motion to dismiss the information.

[5]We are not persuaded by the People's assertion of practical difficulties that will result from a conclusion that a section 995 motion is sufficient to raise the point in the superior court. Such a conclusion does not result in depriving the People of the opportunity to present evidence in support of the reasonableness of the search or seizure; they have that opportunity at the motion to suppress in the preliminary hearing. Nor do we perceive any

plea precludes review of the matter. Subdivision (m) constitutes an exception to the rule that all errors arising prior to entry of a guilty plea are waived, except those which question the jurisdiction or legality of the proceedings. (See *People* v. *Kaanehe* (1977) 19 Cal.3d 1, 9 [136 Cal.Rptr. 409, 559 P.2d 1028]; *People* v. *Warburton* (1970) 7 Cal.App.3d 815, 821-822, 824-825 [86 Cal.Rptr. 894].) We believe that appellate review of the instant ruling is authorized by subdivision (m), which specifically refers to section 995 as a proper method of testing the validity of a search or seizure and provides for review of the issue on appeal from a judgment entered on a plea of guilty. Although challenges to rulings on section 995 motions premised on other grounds do not survive a guilty plea (*People* v. *Warburton, supra,* 7 Cal.App.3d at pp. 821-822, 824-825), a challenge to a ruling on a section 995 motion brought to review the magistrate's ruling on a motion to suppress at the preliminary hearing, in our view, falls directly within the ambit of subdivision (m). To hold that such a challenge does not survive a guilty plea would do violence to the plain language of subdivision (m) and place form over substance.

■ It bears emphasis that the authorization in subdivision (m) of appellate review of the denial of a section 995 motion contesting the validity of a search or seizure does not authorize appellate review after a guilty plea of rulings on section 995 motions made on other grounds. Moreover, if there is substantial legally obtained evidence to support the information, the superior court's order denying a section 995 motion will be correct even if there was error in admitting illegally obtained evidence at the preliminary hearing. (See *People* v. *Scoma* (1969) 71 Cal.2d 332, 335 [78 Cal.Rptr. 491, 455 P.2d 419].) In short, a section 995 motion will be effective to preserve the Fourth Amendment issue on an appeal following a guilty plea only when it appears from the transcript of the preliminary hearing that essential evidence was illegally obtained.

We turn to that issue. The evidence presented at the preliminary hearing reveals that defendant was stopped by San Francisco Police Officer Brookbush for a traffic violation about 3:15 a.m. on September 23, 1976. Defendant stepped out of his car as the officer approached and asked to see his driver's license.[6] While defendant was fumbling through

inadequacy in the record that would be provided on appeal. Although a defendant has the right to a de novo hearing in the superior court on the suppression question under subdivision (i) of section 1538.5, we see no reason why he should be required to raise the matter in that way if he is satisfied with having the matter reviewed under the standards governing a section 995 motion. Either way, the matter is brought to the superior court's attention.

[6]Defendant does not contest the validity of the stop or of the request to see his driver's license.

his wallet for his driver's license, a neatly folded squared piece of paper fell from his wallet to the ground. Defendant immediately placed his foot over the piece of paper. Officer Brookbush suspected that the paper contained narcotics and asked defendant to step back from it so he could examine it. Officer Brookbush testified that his suspicion was based on his experience in making numerous narcotics arrests where cocaine or heroin was transported in paper bindles similar to the one dropped by defendant. After finding in the packet a white powdery substance which he suspected to be either heroin or cocaine, Officer Brookbush looked through defendant's wallet and found another similar paper packet containing the same white powdery substance. Defendant was arrested, turned over to other officers and taken to the police station for booking. These officers then returned to the scene and told Brookbush that another paper packet had been found on defendant during booking at the police station. The officers also told him that defendant's car was subject to warrantless search as a condition of probation; Brookbush had already been notified of this over the police radio. The officers then searched the trunk of defendant's car and found a plastic bag with 5.11 grams of a concentrated form of marijuana, two plastic bags with 42.98 grams of a white powder containing cocaine, and a glass bottle containing .9 grams of white powder with amphetamine. The paper bindles found on defendant's person had 1.13 grams of white powder containing cocaine.

■ We first consider defendant's challenge to the seizure of the folded paper that fell from his wallet. He argues that Officer Brookbush did not have probable cause to believe that it contained contraband. His argument is unpersuasive, for it completely ignores Officer Brookbush's testimony as to the basis of his suspicion that the paper contained narcotics. Officer Brookbush described the distinctive manner in which the pap r was folded and said that his suspicion that it contained narcotics was based on his experience in making numerous arrests where cocaine or heroin was transported in paper bindles similar to the one dropped by defendant.[7] Reasonable grounds for believing a package

---

[7]The officer's testimony as to his suspicion and the basis for it distinguishes this case from *People* v. *Norman* (1975) 14 Cal.3d 929 [123 Cal.Rptr. 109, 538 P.2d 237], where there was no evidence that the tobacco pouch dropped by the defendant was suspected to contain contraband. It also distinguishes this case from *Thomas* v. *Superior Court* (1972) 22 Cal.App.3d 972 [99 Cal.Rptr. 647], where there was no evidence concerning the circumstances or prior visual experience, if any, which caused the officer to form the opinion that the hand-rolled cigarette he saw contained marijuana. Defendant's reliance on *People* v. *Trevino* (1977) 72 Cal.App.3d 686 [140 Cal.Rptr. 243], is also misplaced, for there the officer saw only that the defendant took "something" from the passenger seat during a traffic stop and put that "something" in his mouth.

contains contraband may be adequately afforded by the package's shape, design, and the manner in which it is carried. (*People* v. *McKinnon* (1972) 7 Cal.3d 899, 917 [103 Cal.Rptr. 897, 500 P.2d 1097].) We conclude that a prudent man of Officer Brookbush's experience could reasonably believe that the distinctively folded paper that fell from defendant's wallet contained contraband. (*People* v. *Clayton* (1970) 13 Cal.App.3d 335 [91 Cal.Rptr. 494]; *People* v. *Poole* (1975) 48 Cal.App.3d 881 [122 Cal.Rptr. 87].) Officer Brookbush was therefore justified in making the plain view seizure of the paper. (*Wimberly* v. *Superior Court* (1976) 16 Cal.3d 557, 562-566 [128 Cal.Rptr. 641, 547 P.2d 417]; *Guidi* v. *Superior Court* (1973) 10 Cal.3d 1, 10-18 [109 Cal.Rptr. 684, 513 P.2d 908].)

██ Defendant also challenges the validity of the warrantless search of the trunk of his car. He argues that it cannot be justified on the basis of the search condition of his probation because the officers failed to notify him of their intent to search his car.[8] He relies on cases in which the search condition required the defendants to submit to warrantless searches "upon request" or "whenever requested." (*People* v. *Mason* (1971) 5 Cal.3d 759 [97 Cal.Rptr. 302, 488 P.2d 630]; cert. den. 405 U.S. 1016 [31 L.Ed.2d 478, 92 S.Ct. 1289], disapproved on another point in *People* v. *Lent* (1975) 15 Cal.3d 481 [124 Cal.Rptr. 905, 541 P.2d 545]; *People* v. *Superior Court (Stevens)* (1974) 12 Cal.3d 858 [117 Cal.Rptr. 433, 528 P.2d 41]; *People* v. *Garcia* (1975) 44 Cal.App.3d 1029 [119 Cal.Rptr. 128]; *Marts* v. *Superior Court* (1975) 49 Cal.App.3d 517 [122 Cal.Rptr. 687]; *People* v. *Icenogle* (1977) 71 Cal.App.3d 576 [139 Cal.Rptr. 637].) In this case, however, there is no indication in the record that the search condition required request or notification to defendant. The magistrate took judicial notice of the minute order containing the probation conditions and found no indication that the search condition required request or notice to the defendant. ██ The record has been augmented to include a certified copy of this document, which reveals no request or notification provision in the condition that defendant submit to warrantless search.[9]

---

[8]Defendant pleaded guilty to a burglary charge in July 1975. The offense was reduced to a misdemeanor pursuant to section 17, subdivision (b), and defendant was placed on probation for three years. As a condition of probation the court ordered defendant to "submit to warrantless search."

[9]We interpret the word "submit" in the search condition to mean present agreement or consent to warrantless searches during the probationary period. (See *People* v. *Byrd* (1974) 38 Cal.App.3d 941, 949 [113 Cal.Rptr. 777].) It does not imply presence of the defendant or notice to him at the time of the search. (*Ibid.*; see also *People* v. *Superior Court (Stevens)*, *supra*, 12 Cal.3d at pp. 861-862, fn. 3.)

Despite the lack of any express provision in his consent to search condition, defendant asserts that notice is nevertheless required for any probation search to be valid under *People* v. *Mason, supra,* 5 Cal.3d 759. In *Mason* we upheld the validity of a condition of probation which required a prior narcotics offender to submit to a warrantless search "whenever requested to do so." We interpreted the words "whenever requested" as requiring only that officers notify the defendant before conducting a search of his house or car. Our discussion of the notice requirement in *Mason* was predicated on the inclusion of an express provision in the probation condition there. Nothing in our discussion there indicates that notice is required for *any* probation search to be valid. Although lack of notice to a defendant has been held to invalidate a search pursuant to a condition requiring submission to a warrantless search "upon request" (*People* v. *Superior Court (Stevens), supra,* 12 Cal.3d 858), no case has been cited or found in which such lack of notice has been held to invalidate a search pursuant to a condition which did not expressly require such. A case has been found, however, where a defendant's lack of knowledge was held not to have invalidated a search pursuant to a condition which did not expressly require request or notification. (*People* v. *Byrd, supra,* 38 Cal.App.3d at p. 949.)

No persuasive reason appears why a notice requirement should be read into a consent to search condition which contains no such express provision. The condition itself provides general notice to a defendant that he or his belongings may be subjected to warrantless searches. There appears no greater possibility of violence or of violation of innocent third parties' rights than exists with any other search conducted without the knowledge of the owner of the premises or car. (See *People* v. *Mason, supra,* 5 Cal.3d at p. 766.) Moreover, the knock-notice provisions of sections 844 and 1531 apply to searches conducted pursuant to a probation condition. (See *People* v. *Freund* (1975) 48 Cal.App.3d 49, 56-58 [119 Cal.Rptr. 762]; cf. *People* v. *Kanos* (1969) 70 Cal.2d 381, 384-385 [92 Cal.Rptr. 614].)

We conclude that the officers were justified in searching defendant's car trunk pursuant to defendant's consent to warrantless searches as a condition of his probation. Since the search was justifiable on this ground, it is unnecessary to address defendant's contention that there was no independent probable cause to search the trunk under *Wimberly* v. *Superior Court, supra,* 16 Cal.3d 557.

The judgment is affirmed.

Tobriner, J., Mosk, J., Clark, J., Richardson, J., and Newman, J., concurred.

**BIRD, C. J.**—I concur in the result reached in the majority opinion. However, I do not agree with the dictum that a search and seizure issue in a felony case must be litigated in the *superior* court in order to "preserve the point for review on appeal . . . ."[1] (*Ante,* at p. 896.) Subdivision (f) of section 1538.5 specifically authorizes a motion to suppress at a preliminary hearing whenever "a felony offense [is] initiated by a complaint." Subdivision (m) of section 1538.5 permits a defendant who has pleaded guilty in superior court to "seek further review of the validity of a search or seizure on appeal," as long as he or she litigated the issue "at some stage of the proceedings prior to conviction."

Since, as the majority concede (*ante,* at p. 896), a preliminary hearing is a "stage of the proceedings prior to conviction," a motion to suppress made at that stage is squarely appealable under subdivision (m). However "inappropriate" the members of this court might believe such a procedure to be, the statute has permitted it. As there is no constitutional impediment to the procedure the Legislature has set forth, this court may not ignore the statute.

---

[1]Since the appellant in the present case did litigate the search and seizure issue in superior court as a Penal Code section 995 motion, the language of the majority opinion on this point is as "unnecessary to the decision" in this case as was the criticized language in *People* v. *Triggs* (1973) 8 Cal.3d 884, 887-888, footnote 2 [106 Cal.Rptr. 408, 506 P.2d 232]. (See maj. opn., *ante,* at p. 896, fn. 4.)