Filed 9/8/14  P. v. Perozzi CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# THIRD APPELLATE DISTRICT

## (Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C074508 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR84530) |
| v. | |
| ROBERT LLOYD PEROZZI, | |
| Defendant and Appellant. | |

Defendant Robert Lloyd Perozzi appeals from a judgment of seven years in state prison after a jury convicted him of one count of corporal injury on a cohabitant plus his admission to having served three separate prior prison terms.  On appeal, defendant contends the trial court abused its discretion when it refused to allow him to plead to a previously offered misdemeanor.  We reject the contention and shall affirm the judgment.

1

# PROCEDURAL BACKGROUND[1]

On April 4, 2013, the District Attorney of Tehama County filed an information charging defendant with two felony counts of corporal injury on a cohabitant (Pen. Code, § 273.5, subd. (a)—counts I & II)[2] and alleging the service of three prior prison terms (§ 667.5, subd. (b)).

On June 6, 2013, the first day of defendant's jury trial, outside of the jury's presence, the court stated its understanding that defendant intended to admit the three prior convictions; defendant's counsel affirmed that this was so. The court stated that before defendant made any admissions, it wanted placed "on the record the offers that were made in this case."

The prosecutor stated that earlier in the week the People had extended to defendant an offer for him to plead to one of the two counts as a misdemeanor, but that offer was rejected by the court "because three pretrial conferences have already occurred in this case."[3] Also discussed at that time had been an offer for defendant to plead to a felony violation of one of the counts in exchange for dismissing the prison priors, stipulating to two years in prison, and the dismissal of another case, but that offer was rejected by defendant. Defendant acknowledged that he was not willing to accept "any of those offers." The court then took defendant's admissions to the three prior convictions and the People moved to dismiss count II.[4] A jury was then selected, evidence was taken, and on June 7, 2013, the jury convicted defendant as charged.

---

[1] Defendant does not challenge either the validity of his admissions or sufficiency of the evidence to convict him. Hence, we need not set forth a statement of the facts.

[2] Undesignated statutory references are to the Penal Code.

[3] According to appellate counsel, who was also trial counsel, "This three pretrial conferences rule is not found in the local rules of the Tehama County Superior Court. It is merely a rule amongst the Tehama County judges . . . ."

[4] The reason for the dismissal of count II is not in the record.

On July 2, 2013, the matter came on for sentencing. During defendant's argument, he made an oral motion pursuant to section 17, subdivision (b) for the court to reduce count I—the section 273.5 offense—from a felony to a misdemeanor. The court denied the motion based on defendant's criminal record and sentenced defendant to the upper term of four years on count I plus three years for the prior convictions, for an aggregate term of seven years in state prison.

## DISCUSSION

Defendant contends the trial court abused its discretion when, pursuant to the Tehama County Superior Court rule barring plea bargains after three pretrial conferences, it refused to permit him to accept the People's offer that he plead to count I as a misdemeanor. Defendant reasons that since the rule is not part of the written local rules of the Tehama County Superior Court, but is "merely a rule amongst the Tehama County judges, . . . the judges should have the discretion to change their procedures."[5] We reject this argument.

"[T]here is no constitutional right to a plea bargain" (*People v. Trejo* (2011) 199 Cal.App.4th 646, 655), and the courts have upheld limiting the time for plea negotiation to take place. In *People v. Cobb* (1983) 139 Cal.App.3d 578, the court upheld a rule prohibiting plea bargaining after a trial setting conference and required that any pleas made after that time be " 'straight up' " pleas, i.e., admissions to all the charges. (*Id*. at p. 581.)

In the present case, the court's minutes for May 13, 2013, show that a jury trial was confirmed to begin on June 6, 2013, and that defendant was given notice "there will

---

[5] Neither party has made Tehama County's "three pretrial conference rule" of Tehama County a part of the record. However, from the discourse between the court and counsel we do not doubt that one exists, and, as its name suggests, the rule limits consideration of plea bargains to three hearings. Our analysis is based on this belief.

be no further plea bargains." Defendant did not challenge the legality of the Tehama County Superior Court's rule limiting plea negotiations to three pretrial hearings, nor does he now. Instead, he argues that because the rule is "merely a rule amongst the Tehama County judges," they have discretion not to follow it. He then concludes that the court herein "was mistaken in assuming that it did not have the discretion to go outside this judicial rule."

There is no basis for such a conclusion. Nothing in the record even slightly suggests that the court believed it was bound by the three pretrial conference rule and "assumed" that it lacked discretion to go beyond the rule. The court was neither asked to waive the rule nor given a reason for doing so. "[I]t would be wholly inappropriate [for an appellate court] to reverse a superior court's judgment for error it did not commit and that was never called to its attention." (*People v. Lilienthal* (1978) 22 Cal.3d 891, 896.) Accordingly, we reject defendant's position.

**DISPOSITION**

The judgment is affirmed.

                                    BUTZ        , J.

We concur:

    NICHOLSON    , Acting P. J.

    MURRAY    , J.