Filed 6/2/21  P. v. Bernalramirez CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>JOSE SIGFREDO BERNALRAMIREZ,<br><br>　　　　Defendant and Appellant. | B309278<br><br>(Los Angeles County<br>Super. Ct. No. LA093574) |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Eric P. Harmon, Judge.  Dismissed.

　　　　Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　No appearance for Plaintiff and Respondent.

_____

Defendant Jose Sigfredo Bernalramirez purports to appeal from the judgment after he pleaded no contest to a charge of carrying an unregistered concealed firearm. Defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), identifying no issues and requesting that this court review the record and determine whether any arguable issue exists on appeal.

The basis of defendant's appeal is the magistrate's denial of defendant's motion to suppress evidence at the preliminary hearing. As acknowledged by appellate counsel, defendant did not challenge the denial of the suppression motion before the superior court, and thus, under *People v. Lilienthal* (1978) 22 Cal.3d 891 (*Lilienthal*), did not preserve the issue for appellate review. Accordingly, the appeal must be dismissed.

## FACTUAL BACKGROUND

The following factual summary is taken from the preliminary hearing.

On the night of October 7, 2020, Los Angeles Police Officer John Acosta and his partner were patrolling a commercial and industrial area. The businesses had closed for the day and there was no pedestrian or vehicular traffic. That morning at roll call, Acosta had received from detectives a document indicating that burglaries and vehicle thefts had been happening in the general area.

At around 10:40 p.m., Acosta saw defendant walk out from between two buildings. Acosta thought it was strange to see someone come out from between the buildings when everything was closed and there were no other pedestrians. Given the late hour and the crime rate in the area, Acosta thought defendant was a possible burglary suspect.

2

Acosta and his partner got out of their patrol car and ordered defendant to stop.  Defendant looked in the direction of the officers and placed his hands up, but continued walking away from them.  He dropped what Acosta believed was a shirt.

The officers followed defendant and detained him against a fence, placing him in handcuffs.  Acosta asked if defendant had any weapons.  Defendant said he had a gun in his pocket.  Acosta recovered a loaded .380 caliber Ruger pistol.  The gun was not registered to defendant.

On cross-examination, Acosta confirmed that when he saw defendant, he did not hear any alarms, had not received any radio calls about a possible burglary, and did not see defendant peek into any windows or tamper with any buildings or cars.  After defendant was detained, Acosta investigated and found no evidence of burglary.

## PROCEDURAL BACKGROUND

A felony complaint alleged that defendant had an unregistered concealed firearm on his person, in violation of Penal Code[1] section 25400, subdivision (a)(2).  Defendant moved to suppress the evidence of the gun and ammunition under section 1538.5, contending there was no reasonable suspicion to justify the officers detaining him.

Judge Harmon, sitting as a magistrate,[2] denied the motion to suppress at the preliminary hearing following presentation of evidence and argument.  Defense counsel immediately interjected

_____

[1] Unspecified statutory citations are to the Penal Code.

[2] Superior court judges sit as magistrates when presiding over preliminary hearings.  (See *People v. Kidd* (2019) 36 Cal.App.5th 12, 19, fn. 2.)

3

and asked if, in light of the denial of the motion, defendant could "plead open to the court." After receiving admonitions, defendant waived his rights and pleaded no contest to the charge. Judge Harmon accepted the plea, suspended imposition of sentence, and granted defendant 36 months of probation and time served.

Defendant filed a notice of appeal from the denial of the motion to suppress. We appointed counsel, who filed a *Wende* brief raising no issues on appeal and requesting that we independently review the record to determine if the lower court committed any error. We advised defendant of the opportunity to file a supplemental brief. He filed none.

## DISCUSSION

In the *Wende* brief, appellate counsel explains that, although he believes the magistrate erred in denying the motion to suppress, appellate counsel cannot challenge the ruling on appeal because defendant's counsel below did not renew the motion in the superior court, as required by *Lilienthal*. Appellate counsel states he "will investigate the possibility of filing a petition for writ of habeas corpus, arguing ineffective assistance of counsel for not renewing the motion to suppress, should appellant affirmatively indicate he wishes to withdraw his plea."

Appellate counsel's understanding of *Lilienthal* is correct. In that case, our Supreme Court held that to preserve an appellate challenge to a magistrate's denial of a motion to suppress at a preliminary hearing, defendant must first raise the issue in the superior court, either in a renewed motion to suppress or a motion to set aside the information under section 995. (*Lilienthal, supra*, 22 Cal.3d at pp. 896–897;

4

*People v. Richardson* (2007) 156 Cal.App.4th 574, 583 (*Richardson*).)

This rule applies even if the magistrate is a superior court judge who, after denying the motion to suppress, accepts the defendant's plea and pronounces judgment. (*See Richardson, supra,* 156 Cal.App.4th at pp. 590–591.) As explained in *Richardson,* "the *Lilienthal* rule requires a defendant to raise the search and seizure before a superior court judge *acting as a superior court judge* to preserve that issue for appellate review. . . . [T]his requirement *cannot* be met when the defendant takes advantage of the certified plea process and pleads guilty before the magistrate following the denial of his suppression motion at the preliminary examination." (*Id.* at p. 591.) Thus, a defendant who wishes to challenge a magistrate's denial of a motion to suppress on appeal must decline to plead before the magistrate, and instead raise the suppression issue before a different superior court judge. (*Id.* at p. 595.) Defendant in the instant case did not do so, and his challenge is not cognizable on appeal.

We have reviewed the record and find no other arguable issues. Appointed counsel has fully complied with counsel's responsibilities and no arguable issue exists. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *Wende, supra,* 25 Cal.3d at pp. 441–442.) Because the only basis for this appeal is the denial of the suppression motion, and under *Lilienthal* that issue is not properly before us, the appeal must be dismissed. We express no opinion regarding a petition for a writ of habeas corpus should defendant choose to file one.

## DISPOSITION

The appeal is dismissed.
NOT TO BE PUBLISHED.


                                        BENDIX, J.


We concur:



        ROTHSCHILD, P. J.



        CHANEY, J.