Filed 9/30/22  P. v. Velazquez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>JOSE MANUEL GOMEZ VELAZQUEZ,<br><br>　　　　Defendant and Appellant. | C095079<br><br>(Super. Ct. No. LODCRFE20210009130) |

At defendant Jose Manuel Gomez-Velasquez's preliminary examination, the magistrate denied his motion to suppress drugs and drug paraphernalia found on his person by a police officer.  On appeal, defendant contends that the police officer violated the Fourth Amendment by detaining defendant without any basis for suspecting that defendant may have been involved in criminal activity.  Because the police officer admittedly lacked any basis for detaining defendant, we conclude the magistrate should have granted defendant's motion to suppress the evidence.  Accordingly, we will reverse defendant's conviction.

# I.  BACKGROUND

Michael Cascio, a police officer for the City of Lodi, responded in his patrol car to a report of a man sitting in a gold Chevrolet sedan watching people at a park.  When Officer Cascio arrived at the park, he saw defendant driving a gold Chevrolet Malibu.  Officer Cascio was driving the opposite direction, so he made a U-turn at an intersection to follow defendant.  Defendant then pulled over to the curb, and Officer Cascio pulled over behind defendant, got out of his patrol car, and walked up to stand next to defendant's driver-side window.  From there, Officer Cascio could see a machete, blade pointing down, leaning against the passenger seat.  Officer Cascio asked defendant to get out of the car.

When defendant complied, Officer Cascio escorted defendant to the back of the car to conduct a pat-down search.  At that point, Officer Cascio had not seen defendant commit any violation of the law; he acknowledged he "would not have had legal grounds to stop [defendant]" had defendant tried to leave.  After escorting defendant to the back of the car, Officer Cascio asked defendant if he could pat him down.  Defendant said, "yeah," and held his arms away from his torso.  Officer Cascio felt an object in the pocket of defendant's shorts and asked defendant to remove the object.  Defendant did, revealing a glass pipe, which Officer Cascio believed was used to smoke methamphetamine.  Officer Cascio then arrested defendant, continued searching him, and found a bag of methamphetamine in defendant's sleeve.

The prosecution charged defendant with possession of a controlled substance for sale (Health & Saf. Code, §§ 11378, 11055, subd. (d)(2)).  Defendant moved at his preliminary examination, pursuant to Penal Code section 1538.5, subdivision (f)(1), to suppress the evidence discovered during, or as a result of, Officer Cascio's detention and

search of defendant.[1] The parties stipulated that Officer Cascio did not have a warrant to arrest or search defendant. Defendant argued Officer Cascio lacked reasonable articulable suspicion defendant had committed or was about to commit a crime at the time of detention. The prosecution argued no detention had occurred because defendant voluntarily got out of his car and agreed to the pat-down search and, even if Officer Cascio had detained defendant, the pat-down was justified because Officer Cascio was concerned for his own safety.

The magistrate found Officer Cascio detained defendant when he asked defendant to step out of the car, even though Officer Cascio testified he considered defendant free to refuse the request and drive away. Although Officer Cascio had seen nothing illegal, the magistrate reasoned that he had seen a machete in plain view and that gave him a "reasonable belief that his safety was in danger," which allowed him to detain defendant without a warrant. Consequently, the magistrate denied defendant's motion to suppress evidence.

After the magistrate denied defendant's motion, defendant pled no contest to the charged offense. The magistrate confirmed with the prosecution and defense counsel that defendant would be able to appeal the denial of his suppression motion, then accepted defendant's plea. The magistrate did not certify the plea to the "court in which judgment is to be pronounced," (see § 859a, subd. (a)) but, presumably immediately transitioning to act as the sentencing court, the superior court ordered defendant to serve two years of informal probation and reiterated that defendant could appeal the court's ruling denying his motion to suppress evidence.

---

[1] Undesignated statutory references are to the Penal Code.

## II. DISCUSSION

Defendant contends Officer Cascio violated the Fourth Amendment by detaining defendant without any basis for suspecting that he may have been involved in criminal activity. The People do not defend the detention on the merits, but they argue defendant forfeited the issue by failing to renew his suppression motion in the superior court.

### A.    *Forfeiture*

Section 1538.5, subdivision (m) permits defendants to "seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that the judgment of conviction is predicated upon a plea of guilty . . . provided that at some stage of the proceedings prior to conviction he [or she] has moved for the return of property or the suppression of the evidence." *People v. Lilienthal* (1978) 22 Cal.3d 891, 896 (*Lilienthal*), confirms that a motion to suppress made at a preliminary examination is made "at some stage of the proceedings prior to conviction," as required by the statue. Despite this statutory authorization for such appeals, the majority in *Lilienthal* offered "a dictum" requiring a defendant who moved to suppress evidence in the municipal court to renew the motion in the superior court "to preserve the point for review on appeal, for it would be wholly inappropriate to reverse a superior court's judgment for error it did not commit and that was never called to its attention." (*Lilienthal, supra*, at p. 896; see *id.* at p. 901 (conc. opn. of Bird, C.J.) [noting that the proposed rule was unnecessary to the decision so is merely a dictum].)

We question whether the *Lilienthal* dictum would apply in the circumstances of this case, where: (1) defendant made his motion in the superior court (compare § 1538.5, subd. (c)(1) [motion made in superior court before magistrate] with former § 1538.5, subds. (c) & (f), as amended by Stats. 1977, ch. 137, § 1, p. 574 [motion made in municipal or justice court before magistrate]); (2) before accepting his plea, the magistrate assured defendant he would be able to appeal the ruling, and the prosecutor and defense counsel agreed; (3) the magistrate did not follow the statutory requirements

4

for certifying the plea to the sentencing court (see § 859a); and (4) the same judge immediately took on the role of the sentencing court and again assured defendant he would be able to appeal the ruling. This is not a situation like *Lilienthal* where an error made in a municipal court needed to be called to the attention of a different judge in the superior court. To the contrary, the superior court judge in this case repeatedly encouraged an appeal of the ruling she had just made. (See *People v. Richardson* (2007) 156 Cal.App.4th 574, 591 ["The law does not require idle acts"].)

We need not resolve this question, however, because even if we assume defendant forfeited the issue, we have the discretion to determine the legality of the detention based on the undisputed testimony of Officer Cascio. (*People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6 ["[a]n appellate court is generally not prohibited from reaching a question that has not been preserved for review by a party"]; *Bayside Timber Co. v. Board of Supervisors* (1971) 20 Cal.App.3d 1, 5 [appellate courts will often consider issues not preserved for appeal "where the issue relates to questions of law only"]; see *People v. Hernandez* (2008) 45 Cal.4th 295, 299 [whether police officer provided articulable facts supporting a reasonable suspicion that defendant was acting illegally is a question of law].) We exercise that discretion here.

B.    *Detention*

Defendant argues that Officer Cascio violated the Fourth Amendment by detaining defendant without any basis to suspect defendant had committed or was about to commit a crime. We agree with defendant both that he was detained by Officer Cascio and that the detention violated the Fourth Amendment.

The Fourth Amendment protects against unreasonable searches and seizures. (U.S. Const., 4th Amend.; *Terry v. Ohio* (1968) 392 U.S. 1 (*Terry*).) "[T]hat Amendment's proscriptions are enforced against the States through the Fourteenth Amendment," applying the same standards of reasonableness. (*Ker v. California* (1963) 374 U.S. 23, 33.) " '[W]e review the [magistrate]'s findings of historical fact under the

5

deferential substantial evidence standard, but decide the ultimate constitutional question independently.' " (*People v. Zamudio* (2008) 43 Cal.4th 327, 342.) The prosecution has the burden of proving "that the warrantless search or seizure was reasonable under the circumstances." (*People v. Williams* (1999) 20 Cal.4th 119, 130.)

We begin by determining whether Officer Cascio "seized" defendant. A person is seized within the meaning of the Fourth Amendment when an officer, using a show of authority or physical force, intentionally restrains the person's freedom to move. (*Brendlin v. California* (2007) 551 U.S. 249, 254.) Even if "an individual's submission to a show of governmental authority takes the form of passive acquiescence . . . a seizure occurs if 'in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.' " (*Id.* at p. 255.) This test applies not only to full arrests, but also to more limited investigative detentions lacking probable cause, both of which are "seizures" subject to Fourth Amendment requirements. (See *Florida v. Royer* (1983) 460 U.S. 491, 497-501.)

For example, in *People v. Kidd* (2019) 36 Cal.App.5th 12, a detention occurred when a police officer made a U-turn to pull in behind a defendant's parked car and trained spotlights on the car because "motorists are trained to yield immediately when a law enforcement vehicle pulls in behind them and turns on its lights." (*Id.* at p. 21.) The court also explained that "any ambiguity was removed when the officer more or less immediately exited his patrol vehicle and began to approach [the defendant]'s car," even though the officer's manner was not particularly aggressive or intimidating, because a reasonable person in those circumstances would not have felt free to leave. (*Id.* at pp. 21-22.)

Here, we agree with the magistrate that Officer Cascio detained defendant when he made a U-turn to follow defendant's car, pulled in behind defendant when defendant pulled over to the side of the road, and "more or less immediately exited" his patrol car and approached defendant's car. No reasonable person would have felt free to drive

6

away in those circumstances, especially after Officer Cascio asked defendant to exit the car and escorted defendant to the back of the car for a pat-down search.

Having concluded that Officer Cascio detained defendant, we next must determine whether that detention was reasonable under the Fourth Amendment. "A detention is reasonable under the Fourth Amendment when the detaining officer can point to specific articulable facts that, considered in light of the totality of the circumstances, provide some objective manifestation that the person detained may be involved in criminal activity." (*People v. Souza* (1994) 9 Cal.4th 224, 231.)

Officer Cascio conceded he had not seen defendant commit any violation of the law and "would not have had legal grounds to stop [defendant]" had defendant tried to leave, both at the time he asked defendant to get out of the car and at the time he performed the pat-down search. In other words, Officer Cascio could not point to any facts suggesting that defendant may have been involved in criminal activity. Accordingly, we conclude Office Cascio violated the Fourth Amendment by detaining defendant.

The magistrate erred in determining that the subsequent pat-down search could be justified when the initial detention was not. "Under [*Terry*] a two-pronged test is used to determine whether the pat-down search and the resulting evidence gained thereby are constitutionally permissible. First, there must exist objective facts (short of probable cause to arrest) which justify the detention initially. Second, the search must be related in scope to the purpose justifying the search—the protection of the officer." (*People v. Watson* (1970) 12 Cal.App.3d 130, 134; see also *Ybarra v. Illinois* (1979) 444 U.S. 85, 93-94 ["Nothing in *Terry* can be understood to allow a generalized 'cursory search for weapons' "]; *Terry, supra*, 392 U.S. at p. 33 (conc. opn. of Harlan, J. ["the right to frisk in this case depends upon the reasonableness of a forcible stop to investigate a suspected crime"].) Though the pat-down search in this case may have met the second part of the test, it failed the first part and thereby violated the Fourth Amendment.

Because Officer Cascio detained defendant in violation of the Fourth Amendment, the magistrate should have suppressed the evidence found as a result of the detention. (§ 1538.5, subd. (a)(1)(A); *Mapp v. Ohio* (1961) 367 U.S. 643, 65; see *In re Lance W.* (1985) 37 Cal.3d 873, 896 [California courts may only exclude evidence under § 1538.5 if seized in violation of Fourth Amendment].) "Police seizures made in the absence of any suspicion of wrongdoing, and apparently just 'in the hope that something might turn up,' directly implicate the central rationale underlying the exclusionary rule, deterrence of police misconduct," even if the police officer is not acting in bad faith. (*People v. Kidd, supra*, 36 Cal.App.5th at p. 23.) Accordingly, we must reverse the superior court's judgment.[2]

### III.  DISPOSITION

The judgment is reversed, and the case remanded with instructions to vacate the order denying the motion to suppress, enter a new order granting the motion to suppress, and conduct further proceedings in accordance with the law.

/S/

_____

RENNER, J.

We concur:

/S/

_____

DUARTE, Acting P. J.

/S/

_____

HOCH, J.

_____

[2] Because we reverse the judgment, we do not address defendant's contention, conceded by the People, that we should vacate the $30 administrative collection fee imposed by the superior court.