[Crim. No. 6899. Fourth Dist., Div. One. Jan. 30, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES LUJAN GARCIA, Defendant and Appellant.

**COUNSEL**

Edward M. Fox, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Conrad D. Petermann and Jeffrey A. Joseph, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BROWN (Gerald), P. J.**—Charles Lujan Garcia appeals the judgment after he pled guilty to possessing marijuana for sale (Health & Saf. Code § 11359). He received three years' probation.

About 7 p.m. on January 23, 1974, two police officers went to a residence in San Diego to serve a warrant on Stephanie Jones. Officer Martinez knocked at the front door while Officer Nicholson went around to the back. From inside someone asked who was at the door and Martinez identified himself as a policeman; Garcia opened the door and in response to Martinez's questions told him Jones no longer lived at this address although occasionally mail was delivered there for her. From the back Nicholson, seeing a man leaning out the window, yelled to Martinez to enter the house because someone was trying to escape out the back. Garcia invited Officer Martinez into the house; Officer Nicholson came into the house from the back.

There were six men in the house. Martinez assembled them in the living room, asked for identification and inquired whether any of them had been convicted of a crime or had outstanding warrants for their arrest. When Garcia revealed it was his house and he was subject to search and seizure as a condition of probation, Martinez confirmed the information with headquarters, and then told Garcia the house would be searched. The search revealed 16 items of contraband. Garcia's motions under Penal Code section 1538.5 to suppress the evidence as the result of an illegal search and to dismiss under Penal Code section 995 were denied. Garcia applied to this court for a writ of mandate (4 Crim. No. 14067) which was denied; neither 'the transcript of the preliminary hearing nor the transcript of the hearing to suppress were lodged with the court. Garcia then pled guilty and appealed, claiming there was an illegal search and seizure.

When Garcia waived his Fourth Amendment rights he agreed to ". . . submit his person, property, place of residence or abode, vehicle, personal effects at any time, with or without a search warrant, when requested to do so by the Probation Officer or any law enforcement officer."

The search of Garcia's residence was conducted without a search warrant and unlike the situations in *People v. Mason*, 5 Cal.3d 759, 762 [97 Cal.Rptr. 302, 488 P.2d 630], *People v. Bremmer*, 30 Cal.App.3d 1058,

1061 [106 Cal.Rptr. 797], and *People* v. *Constancio,* 42 Cal.App.3d 533, 537 [116 Cal.Rptr. 910], initially the police did not have probable cause to arrest the person (Garcia) who had waived his Fourth Amendment rights; rather, they had come to Garcia's house to arrest a completely unrelated third person. ■ Even so, the probationer who has waived his Fourth Amendment rights as a condition of being granted probation "*may* have no reasonable expectation of traditional Fourth Amendment protection." (Italics added.) (*People* v. *Mason, supra,* 5 Cal.3d 759, 765.) This does not mean, however, all searches of person or property made under the authority of a probation condition would be reasonable (*People* v. *Mason, supra,* 5 Cal.3d 759, 765, fn. 3; *People* v. *Constancio, supra,* 42 Cal.App.3d 533, 542). ■ Here the fact someone appeared to be trying to escape in response to the announcement a policeman was at the front door would reasonably lead one to suspect criminal activity may be taking place in the house. The house was owned by the probationer. It is only reasonable to suspect he might be involved in any criminal activities going on. Thus, the police were not acting in an arbitrary or capricious manner in initiating the search based on Garcia's waiver (*People* v. *Constancio, supra,* 42 Cal.App.3d 533, 541); they did not subject Garcia to harassment (*People* v. *Mason, supra,* 5 Cal.3d 759, 765, fn. 3); invocation of the right to search based on Garcia's waiver was proper if notice was given.

The Supreme Court has noted in *People* v. *Mason, supra,* 5 Cal.3d 759, 763 "the words 'whenever requested' . . . require the officers to notify defendant before conducting a search of his house . . . ." (See *People* v. *Superior Court (Stevens),* 12 Cal.3d 858, 860 [117 Cal.Rptr. 433, 528 P.2d 41].)

Here Martinez complied with the request provision by notifying Garcia his house would be searched. The search was not unreasonable.

Judgment affirmed.

Whelan, J., and Ault, J., concurred.