Filed 11/9/21  P. v. Seang CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SOEUB SEANG,<br><br>    Defendant and Appellant. | C093902<br><br>(Super. Ct. No. STKCRFE20190004407) |

Appointed counsel for defendant Soeub Seang has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## FACTS AND HISTORY OF THE PROCEEDINGS

Defendant was found in possession of a firearm. He was not permitted to have a firearm due to a prior felony conviction. The People filed a complaint charging defendant with being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a); statutory section references that follow are to the Penal Code); possession of ammunition (§ 30305, subd. (a)(1)); and possession of a controlled substance while armed (Health & Saf. Code, § 11370.1, subd. (a)). The People also alleged various enhancement allegations.

After hearing defendant's motion to suppress evidence (§ 1538.5) and preliminary hearing concurrently, the magistrate denied the motion to suppress and held defendant to answer.

The People filed an Information charging defendant with being a felon in possession of a firearm; possession of ammunition; and possession of a controlled substance while armed, with no enhancement allegations. Defendant pleaded no contest to being a felon in possession. The trial court dismissed the remaining charges on the People's motion. The trial court sentenced defendant to the stipulated term of 16 months in state prison and awarded him 10 days of presentence custody credits. The trial court imposed a $300 restitution fine (§ 1202.4) and imposed and suspended an identical post-release community supervision revocation fine (§ 1202.45), a $30 surcharge (§ 1202.4(*l*)), a $40 court security fee (§ 1465.8), and a $30 court conviction fee (Gov. Code, § 70703).

Defendant did not obtain a certificate of probable cause. (§ 1237.5.) Defendant's notice of appeal indicated his appeal was based on the denial of his motion to suppress. We granted defendant's request to construe his notice of appeal to include as grounds for appeal that there were sentencing issues or other matters occurring after the plea that do not affect the validity of the plea. In that motion, defendant's appellate counsel

acknowledged that because the suppression motion was not renewed after the filing of the information, as part of a section 995 motion or a new section 1538.5 motion, the denial of the motion could not be challenged on appeal. (*People v. Lilienthal* (1978) 22 Cal.3d 891.)

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

As appellate counsel noted, to preserve an appellate challenge to a magistrate's denial of a motion to suppress at a preliminary hearing, the defendant must first raise the issue in the superior court, either in a renewed motion to suppress or a motion to set aside the Information under section 995. (*People v. Lilienthal, supra*, 22 Cal.3d at pp. 896-897; *People v. Richardson* (2007) 156 Cal.App.4th 574, 583.) Defendant did not renew the motion to suppress in superior court, and this challenge is not cognizable on appeal.

Defendant did not seek a certificate of probable cause and purports to appeal from the sentence or other matters occurring after the plea that do not affect the validity of the plea. (§ 1237.5.) Accordingly, any issues relating to the validity of defendant's plea are not cognizable on appeal. (*Ibid.*; *People v. Mendez* (1999) 19 Cal.4th 1084, 1095, 1098-1099.) Moreover, at sentencing, the trial court imposed the stipulated sentence that was an integral component of defendant's plea. Thus, the failure to obtain a certificate of probable cause also precludes defendant from challenging his sentence because that would be, in effect, an attack on the validity of the plea. (*People v. Johnson* (2009) 47 Cal.4th 668, 678.)

3

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that would result in a disposition more favorable to defendant, and accordingly, we will affirm the judgment.

DISPOSITION

The judgment is affirmed.

———————————————
HULL, Acting P. J.

We concur:

———————————————
ROBIE, J.

———————————————
KRAUSE, J.

4