Filed 2/17/23 P. v. Glass CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

THE PEOPLE,

      Plaintiff and Respondent,

    v.

SHANNON RUDOLF GLASS,

      Defendant and Appellant.

C096249

(Super. Ct. No. 21FE004994)

Appointed counsel for defendant Shannon Rudolf Glass asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Defendant filed a supplemental brief. Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

On March 25, 2022, defendant pleaded no contest to rape of an unconscious person (Pen. Code, § 261, subd. (a)(4)(b))[1] and assault with intent to commit rape or

---

[1] Undesignated statutory references are to the Penal Code.

1

penetration by a foreign object (§ 220). Defendant admitted a prior strike allegation (§§ 667, subds. (b)-(i), 1170.12) and the aggravating circumstances that the victims were particularly vulnerable (Cal. Rules of Court, rule 4.421(a)(3))[2] and that he took advantage of a position of trust (rule 4.421(a)(11)). Consistent with the plea agreement, the trial court sentenced defendant to the stipulated term of 32 years in prison (16 years for one rape [the upper term doubled for the prior strike], plus four years for a second rape [one-third the midterm doubled], plus 12 years for the assault [the upper term doubled]), and dismissed the remaining counts. The trial court awarded defendant 416 days of presentence credit (362 actual and 54 conduct) and struck all fines and fees,[3] with victim restitution to be determined later.

Defendant did not secure a certificate of probable cause. This court subsequently granted his motion to construe the notice of appeal as based on matters occurring after the plea that do not affect the validity of the plea.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.

Defendant filed a supplemental brief, but many of his contentions concern pre-plea proceedings. For example, he addresses the trial court's denial of bail, his *Marsden*[4] motion to replace his court-appointed attorney, and the waiver of his right to a speedy

---

[2] Undesignated rule references are to the California Rules of Court.

[3] Because any error in striking the fines and fees inures to defendant's benefit, the draft does not address the issue.

[4] *People v. Marsden* (1970) 2 Cal.3d 118.

trial. He also claims the trial judge allowed the prosecutor to be the judge, the judge and the prosecutor treated him with hate, his first plea agreement should not have been rejected once it was determined the trial court could not lawfully impose the stipulated sentence, the use of his prior strike was unfair because it was 18 years old, and his fear of a life term caused him to enter into a plea deal he now regrets. In addition, defendant argues he was arrested without evidence. Defendant asks that we resentence him to time served or reduce the agreed-upon 32-year sentence.

In general, after pleading guilty or no contest, a defendant may not appeal without first obtaining a certificate of probable cause. (§ 1237.5, subd. (b); *People v. Cuevas* (2008) 44 Cal.4th 374, 379; see also *People v. Mendez* (1999) 19 Cal.4th 1084, 1098 [§ 1237.5 is applied strictly].) Under section 1237.5 and rule 8.304, no appeal may be taken by a defendant from a judgment of conviction upon a plea of guilty or no contest without a certificate of probable unless the appeal involves a search and seizure issue, a ground occurring after the plea or admission that does not affect the validity of the plea or admission, or an issue for which no certificate of probable cause is required. (Rule 8.304(b)(2)(A)-(C); see also § 1538.5.)

In determining whether the certificate requirement applies to claims challenging a sentence imposed after a guilty or no contest plea, the essential inquiry is whether the claim is, in substance, a challenge to the validity of the plea. (*People v. Buttram* (2003) 30 Cal.4th 773, 781-783, 786-787 [distinguishing challenges to the plea itself from challenges to issues reserved or left open by the agreement].) " '[A] challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself' and thus requires a certificate of probable cause. (*People v. Panizzon* (1996) 13 Cal.4th 68, 79.)" (*People v. Shelton* (2006) 37 Cal.4th 759, 766; see also *People v. Stamps* (2020) 9 Cal.5th 685, 695 ["cases teach that when the parties reach an agreement in the context of existing law, a claim that seeks to avoid a term of the agreement, as made, is an attack on the plea itself"].)

3

Here, all but one of defendant's arguments reflects concern with the plea agreement and the court process leading up to the agreement. They challenge the validity of defendant's plea and are not cognizable on appeal without a certificate of probable cause. (§ 1237.5; *People v. Mendez, supra*, 19 Cal.4th at p. 1098; *People v. Panizzon, supra*, 13 Cal.4th at p. 79; *People v. Shelton, supra*, 37 Cal.4th at p. 766; see also *People v. Stamps, supra*, 9 Cal.5th at pp. 694-695.) Only the propriety of defendant's arrest warrant is not precluded by this requirement (rule 8.304(b)(2)(A); *People v. Lilienthal* (1978) 22 Cal.3d 891, 897), but because defendant did not challenge the arrest warrant in the trial court, the issue is not preserved for appeal. (*Lilienthal*, at pp. 896-897.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

_____/S/_____
MAURO, J.

We concur:


_____/S/_____
ROBIE, Acting P. J.


_____/S/_____
McADAM, J.[*]

---

[*] Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.