Filed 2/28/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B323018 |
| Plaintiff and Respondent, | (Super. Ct. No. 1014465) (Santa Barbara County) |
| v. | |
| JESSE JAMES HOLLYWOOD, | |
| Defendant and Appellant. | |

"The fabric of the law will stretch only so far before it will unravel." (*People v. Martin* (2018) 26 Cal.App.5th 825, 828.) Appellant seeks to stretch the newly enacted reduced murder penalties to his case. It just will not stretch and the fabric unravels. Leniency for a person who orders his cohorts to murder a 15-year-old child with a machine gun? The child is dead and our answer is, no.

Jesse James Hollywood appeals from the trial court's denial of his petition for resentencing. (Pen. Code, § 1172.6.)[1] He was previously convicted of first degree murder with a special

---

[1] All further statutory references are to the Penal Code.

circumstance finding that the murder occurred during the commission of a kidnapping. Appellant contends the trial court erred in summarily denying his petition because the record of conviction did not conclusively establish that he aided the actual killer in the commission of the murder. We affirm.

*Procedural Background*

Appellant was convicted, by jury, of first degree murder (§§ 187, subd. (a), 189) and kidnapping (§ 207). The jury found true the special circumstance allegation that the murder occurred during the commission of a kidnapping in violation of section 207 and with the intent to kill, within the meaning of section 190.2, subd. (a)(17)(B). The jury also found true an allegation that appellant's co-principal possessed an assault weapon or machine gun during the commission of the murder. (§ 12022, subd. (a)(2).) The People sought the death penalty, but the jury decided appellant should be sentenced to life without the possibility of parole (LWOP). The trial court imposed a sentence of LWOP for the murder plus three years for the firearm enhancement. The trial court also imposed a determinate term of eight years for the kidnapping.

We affirmed appellant's conviction and sentence in an unpublished opinion. We recited the People's theory and the evidence which supports it. Appellant denied ordering the murder but admitted to ownership of the murder weapon. (*People v. Hollywood* (Feb. 27, 2012, B222453) [nonpub. opn.].)

In 2021, appellant petitioned for resentencing pursuant to section 1172.6 (former section 1170.95). The trial court appointed counsel to represent him. After reviewing the jury instructions and the jury's special verdict forms, the trial court ruled that

2

appellant was not eligible for resentencing because the jury found he had the intent to kill during the commission of a kidnapping.

### Consideration of Evidence at the Prima Facie
### Or Stage One Hearing

The trial judge who ruled on the petition was the trial judge who presided at appellant's jury trial. He was certainly aware of the facts and circumstances resulting in the victim's death. There is no need to restate the facts in detail. The Attorney General correctly describes the offense in two sentences: "[A]ppellant was a drug dealer who kidnapped and ordered the murder of a child to enforce a debt appellant believed the child's brother owed appellant. Appellant's subordinates committed the murder at his specific direction." These facts and circumstances were recounted in our pretrial opinion granting relief to appellant (recusal of the prosecutor), in the Supreme Court opinion reversing our decision, and in our nonpublished appellate opinion affirming the judgment of conviction. As indicated, they were, and are, well known, to the trial judge who heard the testimony in a protracted death penalty trial.

The California Supreme Court has told us that the trial court should not weigh the evidence at a stage one hearing. (See *People v. Lewis* (2021) 11 Cal.5th 952, 972 (*Lewis*).) There must, of necessity, be an exception where the trial judge ruling on resentencing, heard the evidence at a death penalty trial and where the Supreme Court recites these facts in the same case. (*Hollywood v. Superior Court* (2008) 43 Cal.4th 721, 725 (*Hollywood*).) The Supreme Court's statements of law are binding upon the trial court and the Court of Appeal (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 457) unless the new case is factually "fairly distinguishable" from the case where

3

the Supreme Court has declared the law. (*People v. Triggs* (1973) 8 Cal.3d 885, 890-891, disapproved on another ground in *People v. Lilienthal* (1978) 22 Cal.3d 891, 896, fn. 4.) This is the situation in the instant appeal.

This was a notorious, senseless, and brutal homicide and everyone, including the appellant and his attorney, are aware of what factually happened. Our ruling will eliminate "clearly meritless" petitions, which serves the legislative purpose to deny relief to a "major participant" in a felony murder case. (See *Lewis*, *supra*, 11 Cal.5th at p. 971.) A petition for resentencing is not a "game" to be played by checking a box on a form. It is a search for truth in resentencing. We recognize that appellant can introduce new evidence at a stage two hearing. But his theory of the case, including his own testimony, was heard and rejected at his trial. (See *ante* p. 2.)

*Specific Contentions*

Appellant contends the record of conviction may have conclusively established that he had the intent to kill during the commission of a kidnapping, but it did not establish the actus reus requirement set forth in section 189, subdivision (e)(2), that is, that he aided and abetted the actual killer during the commission of murder with the intent to kill.

The People contend appellant is ineligible for relief as a matter of law because aiding and abetting an enumerated felony under section 189 with the intent to kill suffices to constitute felony murder under section 189, subdivision (e)(2) and such a finding precludes a petitioner from section 1172.6 relief. We agree with the People.

4

*Legislative Changes and Case Law*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) amended the felony murder rule and the natural and probable consequences doctrine, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  To that end, Senate Bill 1437 amended section 188 by adding a requirement that, except as stated in section 189, subdivision (e), all principals to murder must act with express or implied malice.  (§ 188, subd. (a)(3).)

Senate Bill 1437 amended the felony murder rule by adding section 189, subdivision (e) to provide that, "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶]  (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."  (§ 189, subd. (e).)

Senate Bill 1437 also enacted section 1172.6, which establishes a procedure for a defendant convicted of felony murder or murder under a natural and probable consequences theory to petition for resentencing if the petitioner "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189" made by Senate Bill 1437.  (§ 1172.6, subd. (a)(3).)  The trial court may deny a section 1172.6

5

petition at the prima facie stage (e.g., after appointing counsel and before holding an evidentiary hearing) where the record of conviction establishes that the petitioner is ineligible for resentencing as a matter of law. (*Lewis*, *supra*, 11 Cal.5th at pp. 970-971.) This occurs where, as here, the record of conviction establishes that a petitioner was not convicted under any theory of liability affected by Senate Bill 1437. (See, e.g., *People v. Farfan* (2021) 71 Cal.App.5th 942, 956 [special circumstance finding includes elements required for felony murder]; *People v. Estrada* (2022) 77 Cal.App.5th 941, 945 [first degree murder conviction based on direct aiding and abetting with intent to kill ineligible for section 1176.2 relief].)

Section 189, as amended by Senate Bill 1437, provides that "All murder that is . . . committed in the perpetration of . . . kidnapping . . . is murder of the first degree." (§ 189, subd. (a).) Section 189, subdivision (e) provides that "A participant in the perpetration . . . of [kidnapping] in which a death occurs is liable for murder only if one of [three categories] is proven," including, subdivision (e)(2): "The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree." (§ 189, subd. (e).)

*Appellant Is Not Entitled to Relief as a Matter of Law*

Here, the trial court summarily denied appellant's section 1172.6 petition because the jury's true finding on the special circumstance allegation established ineligibility for relief as a matter of law. As the trial court explained, "This is not a natural, probable consequences theory of liability. This is not a reckless disregard for human life special circumstance. This is a case in which the jury found that he had the intent to kill, and the relief

6

is not available to non-killers who, nonetheless, had the intent to kill."

Appellant disagrees claiming the verdict form cited by the trial court shows the jury found appellant guilty under a felony murder theory without specifically finding the actus reus requirement in section 189 subdivision (e)(2) to be true. Relying on *People v. Ervin* (2021) 72 Cal.App.5th 90 (*Ervin*) and the dissenting opinion in *People v. Lopez* (2023) 88 Cal.App.5th 566 (*Lopez*), review den. May 31, 2023, appellant contends Senate Bill 1437 "required not just an intent to kill, but intent to kill *when acting to aid the killing*." (*Lopez*, at p. 586 (dis. opn. of Raphael, J.) italics added.)

But appellant's contention has been rejected in *Lopez*, which held that the defendant's actus reus of assisting with the underlying felony is sufficient and not changed by Senate Bill 1437. (*Lopez, supra*, 88 Cal.App.5th at pp. 578-580.) As *Lopez* explained, the California Supreme Court rejected the same argument in *People v. Dickey* (2005) 35 Cal.4th 884. (*Lopez*, at pp. 577-578.) In *Dickey*, the Court examined the felony-murder special circumstance language set forth in section 190.2, subdivision (c) (former subdivision (b)), which is nearly identical to the language used in section 189, subdivision (e)(2). (*Dickey*, at pp. 900-901.)

We agree with the majority's analysis in *Lopez* and conclude the actus reus element of section 189, subdivision (e)(2) requires an aider or abettor to have aided, abetted, or assisted a qualifying felony during which a killing occurs. As the author of Senate Bill No. 1437, said, the harshest punishment remains ""*for those who intentionally planned* or actually committed the killing."" (*Lopez, supra,* 88 Cal.App.5th at p. 579.)

7

We are not persuaded that Senate Bill 1437 rendered *Dickey* inapplicable simply because it predated the legislative amendment. This is particularly true given the language in section 189, subdivision (a) and our Supreme Court's interpretation of a phrase nearly identical to that used in the amended section 189, subdivision (e)(2), neither of which were discussed by *Ervin, supra*, 72 Cal.App.5th 90.

Based on the foregoing, we decline to adopt the alternative interpretation of section 189, subdivision (e)(2) espoused by appellant and the dissent in *Lopez*. Moreover, we reject appellant's contention that the absence of an express reference to 190.2, subdivision (c) in the amended section 189, subdivision (e)(2) means the Legislature intended to alter this specific ground for liability under the felony murder rule. Because the Legislature used the same phrase interpreted by our Supreme Court in *Dickey* when amending section 189 to state the new felony-murder rule, we assume they intended it to have the same meaning. (See *Lopez, supra*, 88 Cal.App.5th at p. 578.)

Thus, "[d]efendants who aid a qualifying felony with an *intentional plan* to kill (i.e., an intent to kill) are the exact type of offender" who remain liable for murder under Senate Bill 1437. (*Lopez, supra*, 88 Cal.App.5th at p. 579.) We emphasize that appellant provided the machine gun to his cohorts and ordered them to kill the decedent. (See *Hollywood, supra,* 43 Cal.4th at p. 725.) The trial judge heard this evidence at the trial and there is no showing that this did not occur. The Legislature did not intend to provide sentencing relief or meaningless evidentiary hearings for someone who directs his cohorts to murder an innocent child.

Checking a box on a printed form saying the petitioner could not presently be convicted of murder, given the record of conviction, is ridiculous.  Appellant is a "direct aider and abettor" as a matter of law.  Reversal for an evidentiary hearing would be a futile act.  (*In re Pratt* (1980) 112 Cal.App.3d 795, 880.)

*Disposition*

The order denying appellant's petition for relief pursuant to section 1172.6 is affirmed.

<u>CERTIFIED FOR PUBLICATION</u>.


YEGAN, J.

I concur:


GILBERT, P. J.


9

CODY, J. CONCURRING:

I concur in the judgment because I agree appellant's conviction for aiding and abetting an enumerated felony murder under section[1] 189, subdivision (e)(2) with intent to kill precludes relief under section 1172.6. (*People v. Lopez* (2023) 88 Cal.App.5th 566, 579 ["Defendants who aid a qualifying felony with an *intentional plan* to kill (i.e., an intent to kill) . . . can still be convicted of first degree murder under the recent changes to murder liability"].) I write separately because I do not agree that factfinding is appropriate at the prima facie stage in this case.

At the prima facie stage, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*People v. Lewis* (2021) 11 Cal.5th 952, 972 (*Lewis*); see also *People v. Strong* (2022) 13 Cal.5th 698, 720 [rejecting an approach that "would entail factfinding prohibited at the prima facie stage"].) The majority concludes an exception must exist here because the judge who ruled on the petition heard the evidence at a lengthy death penalty trial, and multiple opinions, including a Supreme Court opinion, recite the facts of the case. (Maj. opn. ante, at p. 3.)

However, regardless of the trial's duration or the potential punishment available, the judge who presided over the trial will often hear the section 1172.6 petition. (§ 1172.6, subd. (b)(1) ["The petition shall be filed with the court that sentenced the petitioner . . . . If the judge that originally sentenced the petitioner is not available to resentence the petitioner, the presiding judge shall designate another judge to rule on the petition."].) And an opinion resolving a direct appeal is virtually guaranteed for posttrial murder convictions. Neither of these

---

[1] All further statutory references are to the Penal Code.

1

common occurrences warrants deviating from *Lewis*' prohibition on factfinding at the prima facie stage.

The rare feature of this case is that, prior to trial, both this court and our Supreme Court issued opinions. But because those opinions were issued before the facts could be determined in the crucible of trial, the factual recitations in those opinions are not of value in ruling upon a section 1172.6 petition. Our pretrial opinion quoted from the People's factual summary of the underlying crimes. (*Hollywood v. Superior Court* (Oct. 5, 2006, B188550) opn. ordered nonpub. Dec. 20, 2006, S147954.) Our Supreme Court likewise stated: "As did the Court of Appeal, we draw our description of the crime from the People's opposition to Hollywood's petition for a writ of mandate." (*Hollywood v. Superior Court* (2008) 43 Cal.4th 721, 725.) Adopting the People's pretrial assessment of the facts is, in my view, incongruous with adjudicating a section 1172.6 petition. Moreover, given that these two pretrial opinions considered whether prosecutorial recusal was justified, the recitation of underlying case facts was incidental to each opinion's focus.

Therefore, I respectfully depart from the majority opinion to the extent it endorses factfinding at the prima facie stage in this case.

CERTIFIED FOR PUBLICATION.

CODY, J.

2

Brian E. Hill, Judge
Superior Court County of Santa Barbara

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and David F. Glassman, Deputy Attorney General, for Plaintiff and Respondent.